UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEAN DENISON,<br><br>                Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 2:16-cv-00021 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 7; Consent to Proceed Before a United States Magistrate Judge, Dkt. 8). Plaintiff has filed an Opening Brief, to which defendant has filed a Response (*see* Dkt. 16, 17).

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence. The ALJ found that an "other" medical

source relied on plaintiff's subjective reports but did not cite any evidence in the record to support such a finding. As substantial evidence in the record is lacking for this finding, and as the ALJ explicitly confused objective evidence with plaintiff's subjective reports, the ALJ erred by rejecting the medical opinion. Because the error is not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, SEAN DENISON, was born in 1977 and was 29 years old on the alleged date of disability onset of September 1, 2006 (*see* AR. 134-37, 138-40). Plaintiff has at least a high school education (*see* AR. 501).   Plaintiff has work experience as a janitor (AR. 211, 546).  Plaintiff quit his last job when he went into treatment (AR. 516-17).

According to the ALJ: "Since the alleged onset date of disability, September 1, 2006, the claimant has had the following severe impairments: affective disorder (depressive disorder vs. bipolar disorder vs. schizoaffective disorder); anxiety disorder (including posttraumatic stress disorder (PTSD)); and alcohol abuse (20 CFR 404.1520(c) and 416.920(c))" (AR. 488).

At the time of the last hearing, plaintiff was living with a friend (AR. 547).

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 64-67, 72-73). The Court adopts plaintiff's

uncontested Administrative Proceedings summary in his Opening Brief (*see* Dkt. 16, pp.2-3). Plaintiff's third hearing was held before Administrative Law Judge Glenn G. Meyers ("the ALJ") on April 16, 2015 (*see* AR. 542-78). On September 11, 2015, the ALJ issued a partially favorable written decision in which the ALJ concluded "that plaintiff was not disabled pursuant to the Social Security Act prior to June 1, 2012, but became disabled on that date and has continued to be disabled through the date of this decision. The claimant was not under a disability within the meaning of the Social Security Act at any time through December 31, 2011, the date last insured" (*see* AR. 485-503).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred in rejecting every opinion from plaintiff's treating and examining doctors and mental health treatment providers prior to June 1, 2012; and (2) Whether or not the ALJ erred in failing to credit fully plaintiff's statements and allegations (*see* Dkt. 16, p. 2).

### STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1) Whether or not the ALJ erred in rejecting every opinion from plaintiff's treating and examining doctors and mental health treatment providers prior to June 1, 2012.**

Plaintiff contends that the ALJ erred in rejecting certain medical opinions. Defendant contends that there was no error. First, the Court will discuss plaintiff's contention that the ALJ erred when failing to credit fully a medical opinion from "other" medical source, Ms. Shauntae Willis, MSW.

Pursuant to the relevant federal regulations, in addition to "acceptable medical sources," that is, sources "who can provide evidence to establish an impairment," 20 C.F.R. § 404.1513 (a), there are "other sources," such as friends and family members, who are defined as "other non-medical sources" and "other sources" such as nurse practitioners, physician assistants, therapists and "social welfare agency personnel," who are considered other medical sources, *see* 20 C.F.R. § 404.1513 (d). *See also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); Social Security Ruling "SSR" 06-3p, 2006 SSR LEXIS 5 at *4-*5, 2006 WL 2329939. An ALJ may disregard opinion evidence provided by both types of "other sources," characterized by the Ninth Circuit as lay testimony, "if the ALJ 'gives reasons germane to each witness for doing so.'" *Turner, supra*, 613 F.3d at 1224 (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)); *see also Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Ms. Shauntae Willis, MSW provided an assessment of plaintiff's functional limitations on July 6, 2011, approximately a year prior to the date on which the ALJ

concluded that plaintiff became disabled -- June 1, 2012 (AR. 437-42; *see also* AR. 502). The first reason offered by the ALJ for failing to credit fully the medical opinion from other medical source, Ms. Willis, is that "her assessment is not supported by the relatively unremarkable mental status examination" (AR. 499). However, the Ninth Circuit has characterized lay witness testimony as "competent evidence," noting that an ALJ may not discredit "lay testimony as not supported by medical evidence in the record." *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009) (citing *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996)). Therefore, rejecting her opinion on this basis is not proper. *See id*. Furthermore, perhaps more importantly, this finding by the ALJ is not supported by substantial evidence in the record as a whole.

The ALJ explained this rationale in part by noting that "while the claimant endorsed depressed and anxious mood, his affect, though restricted, was appropriate" (AR. 499). However, in doing so, the ALJ has demonstrated confusion regarding the mental status examination ("MSE") in general, and regarding the MSE conducted by Ms. Willis in particular.

The Court notes that "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The Mental Status Examination allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the Mental Status Examination is termed the *objective* portion of the patient evaluation." *Id.* at 4 (emphasis in original).

1  Therefore, the ALJ's indication that the denotation by Ms. Willis in her MSE that

2  plaintiff had a depressed and anxious mood was a subjective statement that plaintiff

3  "endorsed," as opposed to being an objective observation of Ms. Willis is erroneous. *See*

4  *id.*; (*see also* AR. 442).

5        Furthermore, Ms. Willis explicitly indicated that she observed plaintiff's

6  depression and anxiety personally (*see* AR. 438). Ms. Willis indicated that she observed

7  plaintiff's anxiety and panic and opined that this symptom would have a severe effect on

8  plaintiff's work activities (*see id.*). Similarly, Ms. Willis also indicated that she

9  personally observed plaintiff's depression and agoraphobia, and opined that they would

10 have a moderate effect on plaintiff's work activities (*see id.*).

11       For the reasons stated and based on the record as a whole, Court concludes that the

12 ALJ erred when he gave little weight to the opinion of Ms. Willis on the basis that her

13 assessment is not supported by her MSE and erred by not recognizing the objective

14 observations of Ms. Willis during the MSE.

15       The ALJ indicated that he also failed to give full weight to the opinion from Ms.

16 Willis on the basis that her "opinion relies heavily on the claimant's self-report" (AR.

17 499). However, the ALJ cites no evidence in support of this assertion. Similarly,

18 defendant makes no attempt to demonstrate how this finding by the ALJ is supported by

19 substantial evidence, but simply indicates that "the ALJ noted that Willis's opinion relied

20 heavily on [plaintiff's self report]" (*see* Dkt. 17, p. 17). However, as just discussed, the

21 ALJ erroneously indicated that some of the objective evidence observed by Ms. Willis

22 was instead subjective statements by plaintiff. Although the ALJ indicated that the MSE

notations of depression and anxiety were based on plaintiff's endorsement, instead, they were based on the objective observations of Ms. Willis. Neither the ALJ, nor defendant, has directed the Court to any evidence in the record demonstrating that the opinion of Ms. Willis "relies heavily on the claimant's self-report" (AR. 499). To the contrary, as the Court already has noted, Ms. Willis indicated that she observed plaintiff's symptoms personally.

According to the Ninth Circuit, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)). Although the Ninth Circuit was discussing an opinion from an acceptable medical source, the rationale applies equally here. As the ALJ has not cited any evidence that the opinion of Ms. Willis is more heavily based on plaintiff's self-reports than on her own clinical observations, and as the record furthermore does not demonstrate that her opinion is more heavily based on plaintiff's self-reports than on her own objective observations, the finding by the ALJ to the contrary is not based on substantial evidence in the record as a whole. Therefore, the Court concludes that the ALJ has not provided a germane reason for failing to credit fully the opinion from Ms. Willis.

Although Ms. Willis is not an acceptable medical source and is an "other medical" source, evidence from "other medical" sources can demonstrate "the severity of the individual's impairment(s) and how it affects the individual's ability to function." SSR 06-03p, 2006 SSR LEXIS 5 at *4. The Social Security Administration has recognized

that with "the growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,' . . . have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." *Id.* at *8. Therefore, according to the Social Security Administration, opinions from other medical sources, "who are not technically deemed 'acceptable medical sources' under our rules, are important, and should be evaluated on key issues such as impairment severity and functional effects." *Id.* The Court concludes that the ALJ's failure to give full weight to the opinion of Ms. Willis is not harmless error.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the

1  Commissioner of the Social Security Administration in the first instance, not with a

2  district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

3        Here, the ALJ failed to credit fully the opinion from Ms. Willis and did not even

4  reference some of her opinions regarding specific functional limitations of plaintiff. For

5  example, Ms. Willis specifically opined that plaintiff "needs prompting to remember or

6  get things done correctly" even when attempting to remember, understand, and persist in

7  following simple instructions (AR. 439). The ALJ failed to note this narrative opinion

8  provided by Ms. Willis and therefore erred by failing to discuss significant probative

9  evidence. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v.*

10 *Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)) (the Commissioner "may not reject

11 'significant probative evidence' without explanation")); *cf. Stubbs-Danielson v. Astrue*,

12 539 F.3d 1169, 1173-75 (9th Cir. 2008)) (moderate mental functional difficulties are

13 incorporated properly if the ALJ credits the narrative opinion and includes the concrete

14 limitations opined into the RFC); *Brink v. Comm'r of Soc. Sec. Admin.*, 343 Fed. App'x

15 211, 212 (9th Cir. 2009) (unpublished opinion) (memorandum opinion) (an RFC only

16 captures moderate limitations when it is consistent with the restrictions identified in the

17 medical opinion); *Lubin v. Comm'r. Soc. Sec.,* 507 Fed. App'x. 709, 712 (9th. Cir. 2013)

18 (unpublished opinion) (memorandum opinion) ("Although the ALJ found that Lubin

19 suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ

20 erred by not including this limitation in the residual functional capacity determination or

21 in the hypothetical question to the vocational expert"). Similarly, Ms. Willis opined that

22 plaintiff suffered from moderate limitation in his ability to communicate and perform

effectively even in a work setting with limited public contact, noting that plaintiff becomes socially "withdrawn and anxious around others" (AR. 439). By utilizing the general term "others," the opinion from Ms. Willis appears to apply not only to the general public, but also to coworkers and supervisors (*see id*.). This conclusion is buttressed by her observation that plaintiff's "anxiety makes it hard for him to interact with others" when attempting to maintain appropriate behavior in a work setting (*see id*.). Although the form filled out by Ms. Willis has specific questions regarding public contact, there are no specific questions regarding contact with coworkers or supervisors. When providing her opinion regarding plaintiff's global assessment of functioning, Ms. Willis indicated that the basis for her rating was that plaintiff suffered from "severe symptoms impacting [his] social, occupational functioning, mood and thinking" (AR. 438). It is unclear what effect crediting fully the opinions from Ms. Willis regarding plaintiff's functional limitations in the workplace would have on plaintiff's residual functional capacity ("RFC"). For example, Ms. Willis' opinion that plaintiff "needs prompting to remember or get things done correctly" even when attempting to remember, understand, and persist in following simple instructions should have been included into plaintiff's RFC and into the hypothetical presented to the vocational expert (AR. 439). *See Stubbs-Danielson, supra*, 539 F.3d at 1173-75; *Lubin, supra,* 507 Fed. App'x. at 712; *Brink, supra*, 343 Fed. App'x at 212. The Court cannot conclude with confidence that "no reasonable ALJ, when fully crediting the [opinion from Ms. Willis] could have reached a different disability determination." *Marsh*, *supra,* 792 F.3d at 1173 (citing *Stout, supra,* 454 F.3d at 1055-56). Therefore, the Court concludes that the ALJ's error in failing to

credit fully the opinion of Ms. Willis is not harmless error. Therefore, this matter shall be reversed and remanded to the Administration for further proceedings consistent with this order.

Based on the record as a whole and because the Court concludes that this matter shall be reversed and remanded for further consideration of the medical evidence offered by other medical source, Ms. Willis, following remand of this matter, the ALJ should reassess all of the medical evidence from prior to June 1, 2012. Because the ALJ concluded that beginning June 1, 2012, there are no jobs that exist in significant numbers in the national economy that plaintiff can perform, and because plaintiff did not challenge this aspect of the ALJ's decision, the medical evidence from this date forward need not be evaluated again following remand of this matter (*see* AR. 502).

Based on the record as a whole, as discussed briefly below, the Court also concludes that the medical opinion from plaintiff's treating physician of 10 years, Dr. Robert Killian M.D., particularly requires reevaluation.

When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2). In addition, in general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester, supra*, 81 F.3d at 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).

According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761-762 (9th Cir. 1989); *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). Furthermore, when evaluating the weight to be given to a treating doctor, if the ALJ does not give controlling weight to the treating source's opinion, the ALJ will "apply the factors listed in paragraphs [20 C.F.R. § 404.1527](c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs [20 C.F.R. § 404.1527](c)(3) through (c)(6) of this section in determining the weight to give the opinion." 20 C.F.R. § 404.1527(c)(2). Such factors include the length of the treatment relationship; the frequency of examination; the nature and extent of the treatment relationship; supportability of the opinion; consistency of the opinion; specialization of the doctor; and, other factors, such as "the amount of understanding of [the] disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c). It is not clear from the ALJ's written decision that the ALJ considered all of these factors when evaluating the opinion of treating physician, Dr. Killian.

The ALJ noted that in August 2009, Dr. Killian opined that plaintiff could not work (*see* AR. 496 (citing AR. 414-16)). Although the ultimate determination regarding a claimant's ability to work is an issue reserved to the Social Security Administration, it nevertheless is a relevant opinion that requires discussion by the ALJ, especially when it is provided by a treating source of many years. *See Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998) (citing *Lester*, 81 F.3d at 830) ("A treating physician's opinion on

disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record"); *see also* Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2 at *6 ("opinions from any medical source on issues reserved to the Commissioner must never be ignored").

In part, the ALJ relied on his finding that Dr. Killian's diagnosis of agoraphobia is inconsistent with plaintiff's ability to visit the ER, attend AA meetings, ride the bus, and occasionally travel (*see id.*). However, as noted by plaintiff, "a diagnosis of agoraphobia does not necessarily mean that an individual is never able to leave his home, only that being in public causes anxiety symptoms" (*see* Dkt. 16, p. 13 (quotation and citation omitted)).

The other rationale provided by the ALJ for his failure to credit fully the opinions of plaintiff's treating physician is that Dr. Killian did not provide an explanation for his extreme assessment and that his treatment notes show no objective findings regarding plaintiff's mental functioning (*see* AR. 496). However, because Dr. Killian was plaintiff's long term treating physician during this time, his opinion is worthy of more thorough evaluation by the ALJ than has been provided in the ALJ's written decision. *See* 20 C.F.R. § 404.1527(c); *see also Smolen, supra*, 80 F.3d at 1285 (citing *Rodriguez, supra*, 876 F.2d at 761-762). This conclusion is buttressed by a Social Security Ruling indicating that for "treating sources, the rules also require that [the Social Security Administration makes] every reasonable effort to recontact such sources for clarification when they provide opinions on issues reserved to the Commissioner and the basis for

such opinions are not clear to us." Social Security Ruling (SSR) 96-5p, 1996 SSR LEXIS 2 at *6.

This relevant Social Security Ruling, by the ALJ's own reasoning, applies to the opinion from Dr. Killian as he indicated that the basis for Dr. Killian's opinion that plaintiff could not work was not clear (*see* AR. 496). Furthermore, this Ruling unambiguously indicates that when a treating source opines that a claimant is disabled, an ALJ is required to "make every reasonable effort to recontact [this] source[] for clarification" when the basis for the opinion regarding disability is not clear. SSR 96-5p, 1996 SSR LEXIS 2 at *6.

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted). This Ruling does not appear to be plainly erroneous or inconsistent with Social Security Act or regulations. Therefore, as Dr. Killian opined that plaintiff could not work and as the ALJ indicated that he could not determine the basis of this opinion, the ALJ should "make every reasonable effort to recontact" Dr. Killian

following remand of this matter to determine the basis of his opinion. SSR 96-5p, 1996 SSR LEXIS 2 at *6.

### (2) Whether or not the ALJ erred in failing to credit fully plaintiff's statements and allegations.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration regarding the time prior to June 1, 2012, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements relevant to the time prior to June 1, 2012 should be assessed anew following remand of this matter.

## CONCLUSION

The Court has concluded that the ALJ should reassess all of the medical evidence prior to June 1, 2012. Because the ALJ concluded that beginning on June 1, 2012, there are no jobs that exist in significant numbers in the national economy that plaintiff can perform, and because plaintiff did not challenge this aspect of the ALJ's decision, the medical evidence from this date forward need not be evaluated again following remand of this matter and this finding should not be disturbed (*see* AR. 502). As noted, the ALJ also should reassess plaintiff's subjective statements relevant to the time prior to June 1, 2012.

1 | Based on the stated reasons and the relevant record, the Court **ORDERS** that this
2 | matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §
3 | 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 6th day of July, 2016.

_J. Richard Creatura_
J. Richard Creatura
United States Magistrate Judge